UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AUDREY KING, et al.,<br><br>　　　　Defendants. | 1:18-cv-01556-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

Anthony A. Sharp ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 13, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 19, 2018, the court issued an order granting Plaintiff's application to proceed *in forma pauperis* with this action. (ECF No. 5.)

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g), and therefore should be precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as "strikes" under 28 U.S.C. 1915(g). The Court takes judicial notice of the following four cases:

1) Sharp v. Cal. State Prison Corcoran Medical Staff, et al., Civil Case No. 1:99-cv-05550-OWW-DLB (E.D. Cal., Oct. 25, 1999 Order Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A with leave to amend) (ECF No. 7); (E.D. Cal. Feb. 16, 2000 Findings and Recommendations ["F&R"] to Dismiss for failure to obey court Order to amend) (ECF No. 9); and (E.D. Cal. March 24, 2000 Order Adopting F&R and Dismissing Case) (ECF No. 10) (strike one);[1]

2) Sharp v. County of San Diego, et al., Civil Case No. 3:99-cv-01685-J-AJB (S.D. Cal., April 4, 2000 Report and Recommendation ["R&R"] Regarding Defendants' Motion to Dismiss Plaintiff's claims as time-barred pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 24); (S.D. Cal. May 23, 2000 Order Adopting R&R and Dismissing First Amended Complaint with prejudice) (ECF No. 29) (strike two);[2]

---

[1] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[2] The defense of statute of limitations may be raised by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) so long as the defense is apparent on the face of the complaint. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980); see Belanus v. Clark, 796 F.3d 1021, 1053 (9th Cir. 2015) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)); accord Jones v. Soong, No. CV 18-00226 JAO-RLP, 2018 WL 4623638, at *4 (D. Haw. Sept. 26, 2018.

3) <u>Sharp v. Mueller, et al.</u>, Civil Case No. 2:03-cv-01354-EJG-DAD (E.D. Cal., August 19, 2003 F&R to Dismiss Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915A) (ECF No. 10); (Sept. 5, 2003 Order Adopting F&R and Dismissing Action with prejudice for failure to state a claim upon which relief can be granted) (ECF No. 12) (strike three); and

4) <u>Sharp v. Mims, et al.</u>, Civil Case No. 1:13-cv-00534-AWI-BAM (E.D. Cal., May 23, 2014 F&R to dismiss action for failure to state a cognizable section 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A) (ECF No. 23); (July 1, 2014 Order Adopting F&R Regarding Dismissal of Action for Failure to State a Claim) (ECF No. 25) (strike four).

The court has reviewed the orders dismissing and closing the four cases listed above and finds that the cases were all properly dismissed as "strikes" under 28 U.S.C. 1915(g).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See <u>Andrews</u>, 493 F.3d at 1053. In the Complaint, Plaintiff alleges that in the summer of 2017, when he was incarcerated at Salinas Valley State Prison, he went to sick call because he was not feeling well. He had a persistent cough, fatigue,

muscle aches, and loss of appetite. Plaintiff tested positive for exposure to the disease known as Valley Fever. Plaintiff claims that the Defendants were aware that Valley Fever was present at Coalinga State Hospital but failed to warn Plaintiff of a risk to his health.

Plaintiff has not shown that he was under serious risk of imminent physical harm at the time he filed the Complaint in this action. Moreover, the Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff's *in forma pauperis* status should be revoked, and he should be required to submit the $400.00 filing fee in full for this action before this case proceed.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's *in forma pauperis* status be revoked, pursuant to 28 U.S.C. § 1915(g);
2. The court's order granting Plaintiff's application to proceed *in forma pauperis* and directing payment of the filing fee by the CDCR, issued on November 29, 2018, be VACATED;
4. Plaintiff be required to pay the $400.00 filing fee in full for this action, within thirty days;[3] and
5. The Clerk be DIRECTED to serve a copy of this order on the Director of the CDCR and the Court's Financial Department.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

---

[3] To date, the court has not received any payment for Plaintiff's filing fee in this case. (Court Financial Records.) The filing fee for this action is $350.00 plus a $50.00 administrative fee. 28 U.S.C. § 1914. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Id. Therefore, Plaintiff now owes a $400.00 filing fee.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **June 28, 2019**            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE