UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AUDREY KING, et al.,<br><br>　　　　　Defendants. | 1:18-cv-01556-AWI-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. No. 13.)** |

### I. BACKGROUND

Anthony A. Sharp ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 13, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On June 28, 2019, the assigned magistrate judge entered findings and recommendations, recommending that Plaintiff's *in forma pauperis* status be revoked under 28 U.S.C. § 1915(g) and Plaintiff be required to pay the filing fee in full for this action within thirty days. (ECF No. 10.) On August 26, 2019, the undersigned adopted the findings and recommendations in full. (ECF No. 12.) On September 18, 2019, Plaintiff filed a motion for reconsideration. (ECF No. 13.)

1

## II. MOTION FOR RECONSIDERATION

### A. <u>Legal Standard</u>

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L. R. 230(j). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." . . . of that which was already considered by the Court in rendering its decision." <u>Clark v. County of Tulare</u>, 755 F.Supp.2d 1075, 1099-00 (E.D. Cal. 2010).

### B. <u>Plaintiff's Motion</u>

Plaintiff requests reconsideration of the court's order issued on August 26, 2019, which adopted the magistrate judge's recommendations to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and require Plaintiff to pay the filing fee in full for this case within thirty days. The basis for Plaintiff's motion for reconsideration is his disagreement with the court's decision. Plaintiff contends that because he is legally indigent, the court should not have revoked his *in forma pauperis* status.

Plaintiff has not shown clear error or other meritorious grounds for relief and has therefore not met his burden as the party moving for reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880. Plaintiff again does not address § 1915(g), and his disagreement with the court's ruling is not sufficient grounds for relief from the order. <u>Clark</u>, 755 F.Supp.2d at 1099-00. Because Plaintiff has not met his burden of showing a proper basis for reconsideration, his motion will be denied.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 13) is DENIED.

IT IS SO ORDERED.

Dated:  November 6, 2019                    _____
                                            SENIOR DISTRICT JUDGE