UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>       Plaintiff,<br><br>  vs.<br><br>AUDREY KING, et al.,<br><br>       Defendants. | 1:18-cv-01556-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER, AND FAILURE TO PAY THE FILING FEE**<br>**(ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

I.      **BACKGROUND**

Anthony A. Sharp ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 13, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On August 26, 2019, the court issued an order revoking Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and requiring Plaintiff to pay the $400.00 filing fee for this action in full within thirty days.  (ECF No. 12.)

On September 18, 2019, Plaintiff filed a motion for reconsideration of the court's August 26, 2019 order.  (ECF No. 13.)  On November 6, 2019, the motion for reconsideration was denied. (ECF No. 21.)

On October 9, 2019, Plaintiff appealed the court's August 26, 2019 order to the Ninth Circuit Court of Appeal.  (ECF No. 15.)  On March 10, 2020, Plaintiff's appeal was dismissed

1  by the Ninth Circuit for failure to prosecute.  (ECF No. 23.)  The Ninth Circuit's mandate was

2  effective 21 days later, and now the 21-day time period has passed.  (Id.)

3      To date, Plaintiff has not paid the $400.00 filing fee within 30 days as ordered by the

4  court on August 26, 2019.  The time period to pay  has passed and Plaintiff has not complied

5  with the court's order.

6  **II.      DISMISSAL FOR FAILURE TO COMPLY**

7      In determining whether to dismiss this action for failure to comply with the directives set

8  forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

9  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10  prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

11  public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639,

12  642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

13      "'The public's interest in expeditious resolution of litigation always favors dismissal,'"

14  id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the

15  action has been pending since November 13, 2018.  Plaintiff's failure to comply with the court's

16  order may reflect Plaintiff's refusal or inability to pay the filing fee.  In such an instance, the

17  court cannot continue to expend its scarce resources assisting a litigant who will not or cannot

18  resolve payment of the filing fee for his lawsuit.  Thus, both the first and second factors weigh

19  in favor of dismissal.

20      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

21  and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently

22  increases the risk that witnesses' memories will fade and evidence will become stale," id., and it

23  is Plaintiff's failure to pay the filing fee for this action that is causing delay.  Therefore, the third

24  factor weighs in favor of dismissal.

25      As for the availability of lesser sanctions, at this stage in the proceedings there is little

26  available to the court which would constitute a satisfactory lesser sanction while protecting the

27  court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this

28  circumstance are of little use, and given the early stage of these proceedings, the preclusion of

evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

**III.     CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Plaintiff failed to comply with the court's order issued on August 26, 2019, which required him to pay the $400.00 filing fee for this action as set forth above.  Therefore, the court shall recommend that this case be dismissed, without prejudice, for Plaintiff's failure to comply with the court's order of August 26, 2019.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     This case be DISMISSED, without prejudice, for failure comply with the court's order issued on  August 26, 2019; and

2.     The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 17, 2020**                           **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE